**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4619

RICHARD PATRICK STACH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-96-262)

Submitted: July 21, 1998

Decided: August 6, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard S. Stolker, Rockville, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Christine Manuelian, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Richard Patrick Stach pleaded guilty to conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (1994). In his plea agreement, Stach expressly waived the right to appeal his sentence, including the right to appeal any issues related to the formulation of the range under the sentencing guidelines, but reserved the right to appeal a departure from the guideline range established at sentencing.

On appeal, Stach claims that the Government's failure to provide him with a copy of his presentence report denied him a timely challenge to his improperly calculated sentence. Stach also avers that his counsel's ineffectiveness rendered his guilty plea involuntary.

A defendant may waive his statutory right to appeal his sentence, provided the waiver was knowing and voluntary. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (citing United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990)). A defendant who executes a general waiver of appellate rights retains the right to seek appellate review of a sentence imposed in excess of the statutory maximum or based on a constitutionally impermissible factor such as race. See Marin, 961 F.2d at 496.

After a review of the record, we find that Stach's waiver of his statutory right to appeal his sentence is valid. The sentencing court held a hearing in compliance with Fed. R. Crim. P. 11 and determined that Stach knowingly and voluntarily pleaded guilty to the charge* and

_____

*We find unavailing Stach's claim that his guilty plea was not voluntary because he did not understand the consequences of his plea because counsel allegedly gave him erroneous sentencing advice and that therefore he should be allowed to have his plea set aside or withdrawn. We conclude that it does not conclusively appear from the record that Stach's counsel's representation that he believed that Stach might be sentenced at Category III but that there was no agreement about sentencing, constitutes ineffective assistance. See United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir. 1994). Further, we note that erroneous advice by counsel

2

understood that he was waiving his right to appeal his conviction and sentence. Further, the claim asserted by Stach does not involve a departure from the guideline range established at sentencing. We dismiss the appeal based upon Stach's waiver of his right to appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

_____

regarding sentencing options is not a basis for withdrawal of a plea on the grounds of ineffective assistance of counsel where, as in this case, the sentencing court made the defendant aware of sentencing uncertainty. <u>See United States v. Lambey</u>, 974 F.2d 1389, 1395 (4th Cir. 1992); JA at 229.

3